6 So.2d 603

**HARRISON v. STATE.**

**8 Div. 182.**

Court of Appeals of Alabama.

March 3, 1942.

J. W. Sherrill, Jr., and Sherman B. Powell, both of Decatur, for appellant.

Thos. S. Lawson, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The prosecution in this case was begun in the Morgan County Court, upon an affidavit by B. C. Pittman, which charged that the defendant did buy, sell or have in possession illegally prohibited liquors, contrary to law, etc.

Warrant of arrest was issued on June 2, 1941, and the trial was had before the judge of said court and by a jury, on 22nd day of July, 1941.

Upon the trial it was shown by the testimony of above named Pittman that he was a deputy sheriff of Morgan County, and upon the night in question he, accompanied by another deputy sheriff named Humphrey, went to the place of business and the residence of appellant Harrison, and caught him with a pint bottle of whiskey in his hands. He testified to specific facts and details relative to the whiskey in possession of defendant, and likewise deputy Humphrey testified to the same state of facts. This testimony tended to prove the case charged in the affidavit and was sufficient upon which to sustain the verdict of the jury and to support the judgment of conviction pronounced and entered. The defendant elected to testify in his own behalf, and denied emphatically the testimony of the two State witnesses as to his having in his hands the whiskey in question.

The wife of the defendant also testified upon the trial, and her testimony tended to corroborate the testimony given by her husband.

Pending the trial no exceptions were reserved to any ruling of the trial court. The defendant, however, did request in writing the general affirmative charge, which was refused by the court, and this presents the only question for review upon this appeal.

No discussion of the foregoing point of decision is necessary. From what has been said a jury question was presented by the conflicting testimony, hence there was no error in the action of the court in refusing to defendant the special written charge above referred to. The record proper is regular in all respects. No error appearing, it is ordered and adjudged that the judgment of conviction, from which this appeal was taken, will stand affirmed.

Affirmed.